UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELE MCKINNEY,<br><br>Plaintiff,<br><br>v.<br><br>APPLE FOOD SERVICE OF SUFFOLK, LLC, APPLE FOOD SERVICE OF NEW YORK LLC, and DOHERTY ENTERPRISES, LLC,<br><br>Defendants. | Case No. 2:19-cv-03877-PKC-RLM<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION** |

Defendants Apple Food Service of Suffolk, LLC, Apple Food Service of New York, LLC, and the Doherty Group, Inc. d/b/a Doherty Enterprises (incorrectly captioned as "Doherty Enterprises, LLC") (collectively, "Defendants"), by and through their attorneys, hereby submit this Memorandum of Law in support of their Motion for Reconsideration of the Court's December 9, 2019 Docket Order, to dismiss this case with prejudice pursuant to the parties' Stipulation of Dismissal (ECF No. 12), and for such other and further relief as may be just, proper and equitable.

The Court's December 9, 2019 Docket Order relies upon the incorrect premise that *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (hereafter, "*Cheeks*") and its progeny requires judicial or Department of Labor ("DOL") approval to dismiss Fair Labor Standards Act ("FLSA") cases, where the matter is referred to arbitration. Accordingly, and for the reasons set forth below, Defendants respectfully request that the Court reconsider its Order, and direct that the Clerk close this case pursuant to the Stipulation of Dismissal (ECF No. 12) entered into by the parties.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her thirteen count Complaint on July 3, 2019. ECF No. 1. Among her claims, Plaintiff alleges that Defendants violated the FLSA by unlawfully failing to pay her the applicable federal minimum wage. *Id.* Before answering, the Defendants filed a request for a pre-motion conference pursuant to the Court's Individual Practices. ECF No. 5. In Defendants' submission to the Court, they explained that Plaintiff entered into an arbitration agreement as part of her application for employment, and that the arbitration agreement required Plaintiff to submit her claims against the Defendants to arbitration, rather than to this Court. *Id.* A copy of the arbitration agreement that Plaintiff electronically signed was attached to this submission as Exhibit A. *Id.*

Plaintiff responded to Defendants' pre-motion letter on September 3, 2019, challenging the enforceability of the arbitration agreement, and specifically challenging Plaintiff's execution of the agreement. ECF No. 7. Based upon this response, the Court ordered that the parties conduct pre-motion discovery concerning the existence of a valid arbitration agreement. Both sides participated in this process, which included exchanging additional documents, and the Defendants taking Plaintiff's deposition. *See* ECF No. 12. Following this process, Plaintiff conceded her position concerning the arbitration agreement, and agreed to raise her claims in arbitration. On December 2, 2019, Plaintiff filed a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(ii), wherein the parties agreed that this case should be dismissed with prejudice, and that the matter should proceed (exclusively) before the American Arbitration Association. *Id.*

On December 9, 2019, the Court entered an Order as an entry on the ECF docket, which declined to dismiss the case pursuant to the Court's obligation to review stipulations dismissing FLSA cases under *Cheeks*. However, the Defendants respectfully submit that the Court

overlooked that following *Cheeks*, the Second Circuit has articulated that the rationale of *Cheeks* does not apply where a plaintiff is free to continue her claim in arbitration. Thus, Defendants respectfully move the Court to reconsider and vacate its December 9, 2019 Order, and dismiss this case pursuant to the parties Stipulation of Dismissal.

## LEGAL STANDARD

Local Rule 6.3 provides that a party may move for reconsideration if the court has overlooked any matters or controlling decisions that might reasonably be expected to have changed the court's decision, and Fed R. Civ. P. 60(b)(1) motions may further be used to correct judicial errors of law. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977).

## ARGUMENT

In *Cheeks* the Second Circuit held that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." *Cheeks*, 796 F.3d at 206. When determining whether to approve an FLSA dismissal, courts are directed to determine whether any settlement reflects "'a fair and reasonable resolution of a bona fide dispute of FLSA provisions.'" *Id.* at 203 (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

Two years after *Cheeks* the Second Circuit released a precedential opinion in *Rodriguez-Depena v. Parts Auth., Inc.*, affirming an order from this Court dismissing an employee's FLSA claim, and compelling arbitration pursuant to a clause contained in the plaintiff's employment agreement. 877 F.3d 122, 123 (2d Cir. 2017), *cert. denied,* 138 S. Ct. 2634, 201 L. Ed. 2d 1045 (2018). The employee argued to the Court of Appeals *inter alia* that the FLSA precludes district courts from compelling arbitration, because *Cheeks* requires judicial or DOL approval of all settlements. *Id.* at 124. The Court of Appeals soundly rejected this argument, stating: "[t]he

3

rationale of *Cheeks* … is assurance of the fairness of a settlement of a claim filed in court, not a guarantee of a judicial forum." *Id.* Accordingly, *Rodriguez-Depena* establishes an exception to the holding of *Cheeks*, and provides that when an FLSA claim is dismissed on the basis that the claim will be referred to arbitration, the district court need not review the stipulation and/or settlement for sufficiency.

Just a few days ago, Judge Calabresi released a dissenting opinion in *Mei Xing Yu v. Hasaki Rest., Inc.*, which affirms this conclusion. __ F.3d __, __ 2019 WL 6646618 at *14 (2d Cir. 2019) (CALABRESI, J., dissenting).[1] There, he wrote in a footnote:

> As mentioned earlier, this third exception is not relevant to the instant case. Our Circuit has since said that FLSA claims are arbitrable. *See Rodriguez-Depena v. Parts Authority, Inc.*, 877 F.3d 122 (2d Cir. 2017). But that is because the kind of third-party supervision that arbitration affords was deemed to be sufficiently similar to court (or Department of Labor) approval to be valid under the FLSA. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) ("By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.").

*Id.* at *20, n. 7. As Judge Calabresi explains, the law in the Second Circuit is that FLSA claims are freely arbitrable, and this process provides a sufficient alternative to the general rule that stipulations of dismissal and settlements require judicial or DOL approval.

Just like the employee in *Rodriguez-Depena*, Plaintiff here entered into an agreement to arbitrate claims against her employer before any dispute arose. 877 F.3d at 123; ECF No. 5, Exh. A. The only exception here is that unlike the employee in *Rodriguez-Depena*, Plaintiff has conceded that the arbitration agreement is valid and binding, and that this Court should dismiss her case. *See* ECF No. 12. This distinction is immaterial. If the Court is empowered to dismiss an

---

[1] Notably, the Second Circuit's decision is not directly applicable to the issue at hand, and Judge Calabresi's dissenting opinion is not cited for any conclusion that was rejected by the panel's majority. Of course, this dissenting opinion is cited for its persuasive value, rather than any binding effect.

FLSA complaint and compel arbitration over objection, then it follows that so too may it approve any stipulation of dismissal wherein the parties all agree that the claim should be raised in arbitration.

## **CONCLUSION**

While the Court has plenary discretion to oversee the course of proceedings, including the discretion to enter the December 9, 2019 Order staying this case, the parties' mutual intentions should be strongly considered. The parties, all of whom are represented by counsel, agree that this matter should be dismissed with prejudice and referred to arbitration. Notably, this agreement was reached only after the parties engaged in pre-motion discovery, and Plaintiff (assumingly) became convinced that she would not prevail in motion practice. The parties stipulated for the case to be dismissed with prejudice and referred to arbitration in compliance with established Second Circuit precedent, and there is no requirement under *Cheeks* that the Court deny the parties the outcome they jointly seek.

Therefore, Defendants respectfully request that the Court reconsider its December 9, 2019 Docket Order, and order that this case be dismissed with prejudice pursuant to the parties' Stipulation of Dismissal (ECF No. 12).

INTENTIONALLY LEFT BLANK, SIGNATURES ON FOLLOWING PAGE

Dated: December 20, 2019

Respectfully submitted,

SAUL EWING ARNSTEIN & LEHR, LLP

By: */s/ Dena B. Calo*
Dena B. Calo, Esquire
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7104
Dena.Calo@saul.com

Erik P. Pramschufer, Esquire
1270 Ave. of the Americas, Suite 2005
New York, NY 10020
(212) 980-7216
Erik.Pramschufer@saul.com

*Attorneys for Defendants*