UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MICHELE MCKINNEY,

                     Plaintiff,

         - against -

APPLE FOOD SERVICE OF SUFFOLK, LLC,
APPLE FOOD SERVICE OF NEW YORK
LLC, and DOHERTY ENTERPRISES LLC,

                  Defendants.
--------------------------------------------------------x

**MEMORANDUM & ORDER**

19-CV-3877 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and Rule 6.3 of the Local Rules of the U.S. District Court for the Eastern District of New York, Defendants move for reconsideration of the Court's December 9, 2019 docket order declining to endorse the parties' Stipulation of Dismissal and instead staying the instant action while the parties arbitrate. Plaintiff does not oppose Defendants' motion for reconsideration. For the reasons stated in the following Memorandum and Order, the Court denies the motion.

## BACKGROUND

Plaintiff filed this suit on July 3, 2019, alleging, *inter alia*, a violation of the Fair Labor Standards Act ("FLSA"). (Complaint, Dkt. 1, ¶¶ 139–44.) On August 27, 2019, Defendants filed a request for a pre-motion conference, seeking permission to file a motion to dismiss Plaintiff's complaint and to compel arbitration based on an arbitration agreement they attached as Exhibit A. (Dkt. 5.) Plaintiff challenged the enforceability of the arbitration agreement (Dkt. 7), and the Court ordered pre-motion discovery concerning the existence of a valid arbitration agreement (*see* Sept. 5, 2019 Order). The parties participated in discovery, and on December 2, 2019, Plaintiff filed a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). (*See* Stipulation

of Dismissal, Dkt. 12, at 1–2.)  The Stipulation provided that this case should be dismissed with prejudice, except that Plaintiff could raise her claims within 60 days before the American Arbitration Association.  (*Id.*)

On December 9, 2019, the Court entered a docket order (the "Order"), declining to dismiss the case pursuant to the Court's obligation to review for reasonableness stipulations dismissing FLSA cases under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) ("*Cheeks*").  The Court instead stayed the case while the parties proceeded to arbitration. Defendants now seek reconsideration and vacatur of the Order, contending that Second Circuit precedent provides that *Cheeks* does not apply where a plaintiff can still pursue her claim through arbitration.  (*See* Memorandum of Law in Support of Defendants' Motion for Reconsideration ("Mot."), Dkt. 13-1.)  Plaintiff does not oppose the motion.

## LEGAL STANDARD

A motion for reconsideration pursuant to Local Civil Rule 6.3 "is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling or order."  *Pall Corp. v. 3M Purification, Inc.*, Nos. 97-CV-7599 (PKC), 03-CV-92 (PKC), 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015).  Reconsideration is an extraordinary remedy that will not be granted simply because a party is dissatisfied with the Court's previous decision.  *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 249 (E.D.N.Y. 2016).  Accordingly, a motion for reconsideration "is not a vehicle for re[-]litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).  Rather, in order to prevail on a motion for reconsideration, "the moving party must demonstrate that the [c]ourt overlooked controlling decisions or factual matters that were put before the [c]ourt on the underlying motion," *Lichtenberg*

2

*v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (summary order) (citations and internal quotation marks omitted), and that those matters "might reasonably be expected to alter the conclusion reached by the court," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A]rguments raised for the first time on reconsideration are not proper grounds for reconsideration." *Pall Corp.*, 2015 WL 5009254, at *1.

## DISCUSSION

Defendants contend that the Court should reconsider its Order and so-order the parties' Stipulation of Dismissal because the Order "relies upon the incorrect premise that *Cheeks* . . . and its progeny require[] judicial or Department of Labor ("DOL") approval to dismiss [FLSA] cases, where the matter is referred to arbitration." (Mot., Dkt. 13-1, at 1 (internal citation omitted).)

In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." 796 F.3d at 206. Two years later, in *Rodriguez-Depena v. Parts Authority, Inc.*, 877 F.3d 122, 124 (2d Cir. 2017), the Second Circuit affirmed an order from the Honorable Eric N. Vitaliano of this Court dismissing an employee's FLSA claim, and compelling arbitration pursuant to an arbitration clause in the plaintiff's employment agreement. The Circuit specifically rejected appellant's contention that FLSA claims were not arbitrable "because stipulated dismissals settling such claim[s] brought in a district court require court approval" under *Cheeks*, noting that the "rationale of *Cheeks* . . . is assurance of the fairness of a settlement of a claim filed in court, not a guarantee of a judicial forum." 877 F.3d at 124.

Defendants argue that "[i]f the Court is empowered to dismiss a FLSA complaint and compel arbitration over objection [as in *Rodriguez-Depena*], then it follows that so too may it approve any stipulation of dismissal wherein the parties all agree that the claim should be raised in arbitration." (Mot., Dkt. 13-1, at 4–5.) The Court disagrees.

3

As an initial matter, the Court notes that so-ordering the Stipulation of Dismissal, which seeks dismissal of Plaintiff's claims with prejudice "[p]ursuant to Fed. R. Civ. P. 41(a)(1)[A](ii)" (Stipulation of Dismissal, Dkt. 12, ¶ 1), would contravene the explicit holding of *Cheeks* that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect," 796 F.3d at 206.

Additionally, while *Rodriguez-Depena* seemingly provides that a court *may*, on consideration of a motion to compel arbitration, dismiss a FLSA claim that it has ordered arbitrated,[1] that holding does not automatically extend to the procedural posture in this case.[2] Contrary to Defendants' arguments, requiring continuing judicial review after parties agree to arbitrate even though similar review is not required when a Court compels arbitration is perfectly in line with the rationale behind *Cheeks*. *Cheeks* does not, of course, hold that courts cannot grant motions to dismiss FLSA claims, but instead provides for judicial oversight of Rule 41(a) stipulations dismissing FLSA claims because of "the potential for abuse in such settlements." 796 F.3d at 206 (citing cases in which courts rejected coercive FLSA settlements); *see also Socias v. Vornado Realty L.P.*, 297 F.R.D. 38, 40 (E.D.N.Y. 2014) ("Low wage employees, even when represented in the context of a pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power; therefore, they are more susceptible to coercion

---

[1] It appears from the district court docket in *Rodriguez-Depena* that after Judge Vitaliano dismissed the complaint, he did not retain jurisdiction over the arbitration or require the parties to submit any settlement for review. *See* Docket, *Rodriguez-Depena v. Parts Auth., Inc.*, 15-CV-6463 (ENV) (VMS).

[2] *Yu v. Hasaki Restaurant, Inc.*, 944 F.3d 395 (2d Cir. 2019), a recent case cited by Defendants, belies the inferential logic suggested by Defendants that because dismissal without judicial approval is appropriate in one circumstance, it must be appropriate in another. In *Yu*, the Second Circuit held that the FLSA does not require judicial or DOL approval of Rule 68(a) offers of judgment as it does Rule 41(a)(1)(A)(ii) dismissals, emphasizing that different standards of review apply to the various procedural mechanisms by which a FLSA case may be dismissed with prejudice. *See id.* at 411–12.

or more likely to accept unreasonable, discounted settlement offers quickly.  In recognition of this problem, the FLSA is distinct from all other employment statutes.").  Here, Defendants claim that the Stipulation of Dismissal "was reached only after the parties engaged in pre-motion discovery, and Plaintiff (assumingly) became convinced that she would not prevail in motion practice." (Mot., Dkt. 13-1, at 5.)  However, it is also possible that Plaintiff's decision to sign the stipulation was influenced by some of the concerns underlying *Cheeks*.  Moreover, in this case, unlike in *Rodriguez-Depena*, there is no Court order compelling arbitration, as the Stipulation of Dismissal notes that Plaintiff's claims *may* be raised in arbitration, but does not require the same.[3]  (*See* Stipulation of Dismissal, Dkt. 12, ¶ 1.)  The stipulated dismissal proposed by the parties is therefore indistinguishable from other Rule 41(a) settlement stipulations requiring judicial approval under *Cheeks*.

Nor is it entirely clear from *Rodriguez-Depena* that courts are not required to approve settlements of FLSA claims after those claims have been sent to arbitration.  Several courts in this Circuit, post-*Rodriguez-Depena*, have retained jurisdiction after compelling arbitration and refused to so-order stipulations of dismissal without judicial or DOL approval.  In *Reyes v. Gracefully, Inc.*, the Honorable Valerie E. Caproni of the Southern District of New York granted Defendants' motion to compel arbitration of plaintiff's FLSA claim and stayed the case pending arbitration, requiring regular status updates.  No. 17-CV-9328 (VEC), 2018 WL 2209486, at *9 (S.D.N.Y. May 11, 2018).  The parties subsequently reported that they had reached a settlement in the arbitration process and planned to file a Rule 41 stipulation of dismissal.  *See* Status Report, *Reyes v. Gracefully, Inc.* (S.D.N.Y. Jan. 16, 2020) (No. 17-CV-9328 (VEC)), ECF No. 39.  In

---

[3] The Court notes that the reports indicate that the parties have indeed commenced the arbitration process.  (*See* Dkt. 15.)

response, Judge Caproni issued an order similar to the one issued by this court, citing *Cheeks* in holding that "the parties may not dismiss this action with prejudice unless the settlement agreement has been approved by either the Court or the [DOL]" and directing the parties to file a motion on the public docket with the settlement agreement.  *See* Order, *Reyes v. Gracefully, Inc.* (S.D.N.Y. Jan. 17, 2020) (No. 17-CV-9328 (VEC)), ECF No. 40.  Similarly, the Honorable Analisa Torres of the Southern District stayed a FLSA case after compelling arbitration, *see Espinosa v. SNAP Logistics Corp.*, No. 17-CV-6383 (AT), 2018 WL 9563311, at *6 (S.D.N.Y. Apr. 3, 2018), and subsequently (after the case had been ordered to both arbitration and mediation) entered an order holding that the action "shall not be dismissed with prejudice unless the settlement agreement has been approved by the Court or the [DOL]," Order, *Espinosa v. SNAP Logistics Corp.* (S.D.N.Y. Aug. 30, 2018) (No. 17-CV-6383 (AT)), ECF No. 51.

Moreover, regardless of whether the Court would be *able* to so-order the Stipulation of Dismissal, Defendants do not dispute that the Court is well within its discretion not to do so.  (*See* Mot., Dkt. 13-1, at 5.)  The Court believes that staying the case is more consistent with the spirit of *Cheeks*, which explained that

> [r]equiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.  These provisions were designed to remedy the evil of overwork by ensuring workers were adequately compensated for long hours, as well as by applying financial pressure on employers to reduce overtime.  Thus, in service of the statute's remedial and humanitarian goals, the Supreme Court consistently has interpreted the Act liberally and afforded its protections exceptionally broad coverage. . . .  The burdens [of the approval requirement] must be balanced against the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees.

796 F.3d at 206–07 (internal quotation marks and citations omitted).  The Court finds these concerns more persuasive than the parties' "mutual intentions" (Mot., Dkt. 13-1, at 5) for

"although employees, through counsel, often voluntarily consent to dismissal of FLSA claims and, in some instances, are resistant to judicial review of settlement, the purposes of [the FLSA] require that it be applied *even to those who would decline its protections*," *Jones v. Smith*, 319 F. Supp. 3d 619, 623 (E.D.N.Y. 2018) (emphasis in original) (internal quotation marks and citation omitted).[4]

In addition, there are numerous advantages to staying rather than dismissing this case. "[T]he Second Circuit [has] detailed several reasons for staying, instead of dismissing, cases pending arbitration, including that a stay furthers the [Federal Arbitration Act]'s underlying policy to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Castellanos v. Raymours Furniture Co., Inc.*, 291 F. Supp. 3d 294, 302 (E.D.N.Y. 2018) (citing *Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015)) (internal quotation marks omitted); *see also Espinosa*, 2018 WL 9563311, at *6 ("[T]he Court finds that a stay is more appropriate than dismissal in this case because a stay would allow the Court, at a later stage, to address any claim by Plaintiff that he was not able to vindicate all his statutory rights due to costs or fees imposed on him in arbitration.") (internal quotation marks, alterations, and citations omitted). Thus, the Court finds that reconsideration of the Order, even if permitted, is not warranted in this case.

---

[4] The Court notes that, as stated in the Order, the parties may at any time file a separate stipulation of dismissal as to Plaintiff's non-FLSA claims. *See Yunda v. SAFI-G, Inc.*, No. 15-CV-8861 (HBP), 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017).

## CONCLUSION

For the reasons stated above, Defendants' motion to reconsider the Court's December 9, 2019 Order is denied.  As per the Court's April 29, 2020 Order, the parties are directed to submit another joint status report by December 15, 2020.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 15, 2020
        Brooklyn, New York

8